IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-191-RJC-DCK

| ANDREW O'DARIUS ROLLINSON, et al., | ) | |
|---|---|---|
| **Plaintiffs,** | ) | **ORDER** |
| v. | ) | |
| TOP TIER SOLAR SOLUTIONS, LLC, et al., | ) | |
| **Defendants.** | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion For Leave To . . . File A Second Amended Complaint" (Document No. 30) filed April 8, 2024, Defendants' "Motion To Strike Plaintiffs' Second Amended Complaint" (Document No. 40) filed May 24, 2024, and "Plaintiffs' Motion For Nunc Pro Tunc Order To Grant Leave And Approve Filing Of Proposed Second Amended Complaint" (Document No. 43) filed June 7, 2024.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions and the record, the undersigned will <u>deny</u> the motions to allow amendment and <u>grant</u> the motion to strike.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

The undersigned first notes that Plaintiffs have already amended the Complaint once "as a matter of course," following Defendants' initial motions to dismiss. See (Document Nos. 8, 9, 12, 14). Defendants subsequently filed renewed motions to dismiss seeking dismissal of Plaintiffs' "Amended Complaint" (Document No. 12). See (Document Nos. 19 and 21).

On March 25, 2024, the undersigned issued a "Memorandum And Recommendation" (Document No. 27) recommending that Document No. 19 be granted in part and denied in part, and that Document No. 21 be granted. Specifically, the undersigned recommended that:

> all claims be dismissed except for the section 1981 race discrimination claim against Top Tier, Samuel VanWynen, and Jacob Hovley (the section 1981 claim against Pete VanWynen should be dismissed), the hostile work environment claim against Top Tier and Samuel VanWynen, and the North Carolina Wage and Hour Act claim against Top Tier.

(Document No. 27, pp. 20-21).

Plaintiffs filed "Objections . . . To the Memorandum And Recommendation . . . " (Document No. 29) and "Plaintiffs' Motion For Leave To . . . File A Second Amended Complaint"

(Document No. 30) on April 8, 2024. Plaintiffs then went ahead and filed, without leave of the Court, a "Second Amended Complaint" (Document No. 39) on May 13, 2024. In response, Defendants filed their "Motion To Strike Plaintiffs' Second Amended Complaint" (Document No. 40); and Plaintiffs then filed their "Plaintiffs' Motion For Nunc Pro Tunc Order To Grant Leave And Approve Filing Of Proposed Second Amended Complaint" (Document No. 43).

In short, the undersigned is not persuaded that Plaintiffs should be allowed to file a Second Amended Complaint. It appears that the proposed Second Amended Complaint, at this stage of the litigation, is prejudicial and/or futile. The undersigned notes that Plaintiffs are reasserting claims that the undersigned has recommended for dismissal.

Based on the foregoing, the undersigned finds that the motions to amend and/or accept the Second Amended Complaint should be denied, and the motion to strike the Second Amended Complaint should be granted. The undersigned expresses no opinion at this time as to whether further amendment *may* be allowed *after* the Honorable Robert J. Conrad, Jr. considers the "Memorandum And Recommendation" (Document No. 27).

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion For Leave To . . . File A Second Amended Complaint" (Document No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' "Motion To Strike Plaintiffs' Second Amended Complaint" (Document No. 40) is **GRANTED**. The "Second Amended Complaint" (Document No. 39) shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that "Plaintiffs' Motion For Nunc Pro Tunc Order To Grant Leave And Approve Filing Of Proposed Second Amended Complaint" (Document No. 43) is **DENIED**.

**SO ORDERED**.

Signed: August 20, 2024

David C. Keesler
United States Magistrate Judge

4