# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:23-cv-00191-RJC-DCK

ANDREW O'DARIUS ROLLINSON, )
ANDREW JACKSON ROLLINSON, )
and VANESSA FRI-CIA ROLLINSON, )
)
    Plaintiffs, )
)                 **ORDER**
        v. )
)
TOP TIER SOLAR SOLUTIONS, LLC; )
JACOB P. VAN WYNEN; SAMUEL )
VAN WYNEN; MARK WAGONER, )
JACOB HOVLEY; ANTHONY FEICK; )
PETE VAN WYNEN; and AUSTIN )
TAYLOR, )
)
    Defendants. )
_____)

**THIS MATTER** is before the Court on Defendants Top Tier Solar Solutions,

LLC; Jacob P. Van Wynen; Samuel Van Wynen; Mark Wagoner; Jacob Hovley;

Anthony Feick; and Pete Van Wynen's Motion to Dismiss, (Doc. No. 19); Defendant

Austin Taylor's Motion to Dismiss, (Doc. No. 21); the Magistrate Judge's

Memorandum and Recommendation ("M&R"), (Doc. No. 27); Plaintiffs' Objection to

the M&R, (Doc. No. 29); and Plaintiffs' Objection to the Magistrate Judge's Order,

(Doc. No. 47), denying Plaintiffs' Motion for Leave to File a Second Amended

Complaint, (Doc. No. 30), granting Defendants' Motion to Strike Plaintiffs' Second

Amended Complaint, (Doc. No. 40), and denying Plaintiffs' Motion for Nunc Pro Tunc

Order to Grant Leave and Approve Filing of Proposed Second Amended Complaint,

(Doc. No. 43). For the reasons explained below, the Court **ADOPTS** the M&R, (Doc.

1

No. 27), and **DENIES** Plaintiffs' Objection to the Magistrate Judge's Order, (Doc. No. 47).

## I.     BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case.  Therefore, the Court adopts the facts as set forth in the M&R.

## II.     STANDARD OF REVIEW

A district court may assign nondispositive pretrial matters to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a nondispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. *Id.*; Fed. R. Civ. P. 72(a). "Under this standard, a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gentry v. Maggie Valley Resort Management, LLC*, 2014 U.S. Dist. LEXIS 206897, 2014 WL 12707371, at *1 (W.D.N.C. Apr. 4, 2014) (quoting *United States v. U.S. Nat'l Gypsum Co.*, 333 U.S. 364 (1948), 68 S. Ct. 525, 92 L. Ed. 746).

A district court may also assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C);

Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

### A. Plaintiffs' Objection to Magistrate Judge's Order Denying Plaintiffs' Motion for Leave to File a Second Amended Complaint and Motion for Nunc Pro Tunc Order and Granting Defendants' Motion to Strike

Pursuant to 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge is authorized to "hear and determine any pretrial matter" other than eight specifically excluded motions which are generally considered "dispositive motions."[1] Here, the Magistrate Judge denied Plaintiffs' Motion for Leave to File a Second Amended Complaint, (Doc. No. 30), and Plaintiffs' Motion for Nunc Pro Tunc Order to Grant Leave and Approve Filing of Proposed Second Amended Complaint, (Doc. No. 43), and granted

---

[1] These eight excluded motions are motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

Defendants' Motion to Strike Plaintiffs' Second Amended Complaint, (Doc. No. 40). The instant motions are not among the eight excluded motions. 28 U.S.C. § 636(b)(1)(A).

Plaintiffs object to the Magistrate Judge's Order on grounds that their Second Amended Complaint has been "carefully revised to address the concerns raised in the Magistrate Judge's Memorandum and Recommendation, as well as in Defendants' motions and responses." (Doc. No. 47-1 at 1). Plaintiffs emphasize the lenient standard afforded to pro se litigants and request that the Court "evaluate the case on its substantive merits, ensuring it is not dismissed on procedural grounds." (*Id.*).

Under the Federal Rules of Civil Procedure, a plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." *Equal Rights Ctr. v. Niles*

*Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010) (internal quotations and citation omitted).

The Magistrate Judge denied Plaintiffs' motion to amend the Amended Complaint because such amendment, at this stage of the litigation, would be "prejudicial and/or futile." (Doc. No. 46 at 3). The Magistrate Judge expressed no opinion as to whether future amendment may be allowed. (*Id.*). The Magistrate Judge reasoned that Plaintiffs have already amended their complaint once as a matter of course after Defendants filed their initial motions to dismiss. (*Id.* at 2). Defendants later filed renewed motions to dismiss seeking dismissal of Plaintiffs' Amended Complaint. (*Id.* citing Doc. Nos. 12, 19, 21). The Magistrate Judge then issued an M&R on Defendants' renewed motions to dismiss, recommending that "all claims be dismissed except for the section 1981 race discrimination claim against Top Tier, Samuel VanWynen, and Jacob Hovley . . . , the hostile work environment claim against Top Tier and Samuel VanWynen, and the North Carolina Wage and Hour Act claim against Top Tier." (Doc. No. 27 at 20–21).

Plaintiff objected to the Magistrate Judge's M&R and moved for leave to file a Second Amended Complaint on the same day. (Doc. Nos. 29, 30). Defendants opposed Plaintiffs' motion on grounds that Plaintiffs' amendments would be unduly prejudicial and futile. (Doc. No. 36 at 2–3). Defendants argued that the Court should deny Plaintiffs' motion because it was filed more than one year after the action was brought and after multiple motions filed by Defendants specifically identifying the deficiencies of Plaintiffs' claims that they now seek to remedy. (*Id.* at 3). Defendants

further argued that Plaintiffs' proposed amendments could not withstand the motions to dismiss. (*Id.* at 5). Without leave of Court, Plaintiffs filed a Second Amended Complaint. (Doc. No. 39). Defendants moved to strike the Second Amended Complaint, and Plaintiffs filed a Motion for Nunc Pro Tunc Order to Grant Leave and Approve Filing of Proposed Second Amended Complaint. (Doc. Nos. 40, 43).

Having conducted a full review of the Magistrate Judge's Order, Plaintiffs' Objections to the Order, and other documents of record, the Court cannot find that the Magistrate Judge's Order is clearly erroneous or contrary to law. This case has been on the Court's docket for well over a year, Plaintiffs have already amended their original complaint, and their motion comes after the Magistrate Judge issued its M&R addressing Defendants' renewed motions to dismiss. Allowing Plaintiffs to amend their Amended Complaint at this stage would further delay the proceedings and cause Defendants to expend additional resources to refile motions to dismiss claims that have already been recommended for dismissal. Accordingly, the Court denies Plaintiffs' Objection to the Magistrate Judge's Order.

## B. Plaintiffs' Objection to the Magistrate Judge's M&R

The Court now turns to Plaintiffs' Objection to the Magistrate Judge's M&R. Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Having conducted a full review of the M&R, Plaintiffs' Objections to the M&R, and other documents of record, the Court finds that Plaintiffs have failed to submit specific written objections directing the Court to a specific error

in the Magistrate Judge's proposed findings and recommendations; thus, de novo review is not required. *Orpiano*, 687 F.2d at 47. Nevertheless, given Plaintiffs' pro se status, the Court liberally construes their objections and addresses each in turn.

### 1. Race Discrimination in Violation of 42 U.S.C. § 1981

The Magistrate Judge concluded that Plaintiff Andrew O'Darius Rollinson failed to allege facts sufficient to support his race discrimination claim under 42 U.S.C. § 1981 against Defendant Pete Van Wynen. (Doc. No. 27 at 6–7). "To establish a prima facie case [of race discrimination] under both Title VII and 42 U.S.C. § 1981, a plaintiff must show (1) his membership in a protected class; (2) his satisfactory job performance; (3) an adverse employment action; and (4) similarly situated employees outside the protected class who received more favorable treatment." *Tabb v. Bd. of Educ. of the Durham Public Schools*, 29 F.4th 148, 157 (4th Cir. 2022).

Plaintiff objects on grounds that he has "alleged facts that convincingly establish a Section 1981 claim of race discrimination against Pete VanWynen." (Doc. No. 29 at 5). In support of his objection, Plaintiff contends that "Pete VanWynen's actions were intentional, and individual supervisors can be held liable if they 'intentionally cause an employer to infringe upon' the rights secured by Section 1981, such as supervisors who '[] participated in or even approved of intentional discrimination.'" (*Id.* at 4–5 (citing *Carson v. Giant Food, Inc.*, F. Supp. 2d 462, 483 (D. Md. 2002))). Plaintiff claims that Van Wynen "checks both boxes." (*Id.* at 5).

Plaintiff has failed to state a specific objection directing the Court to a specific error in the Magistrate Judge's findings and recommendations. As the Magistrate

Judge correctly noted, the Amended Complaint fails to contain any factual allegations demonstrating that Defendant Pete Van Wynen had the authority to terminate Plaintiff, had any role in Plaintiff's alleged demotion or termination, made any race-related statements, or had any racially discriminatory animus against Plaintiff. (Doc. No. 27 at 6). The Court finds that Plaintiff's objections fail to meaningfully rebut the M&R's sound reasoning. Therefore, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's race discrimination claim under 42 U.S.C. § 1981 against Defendant Pete Van Wynen.

### 2. Retaliation in Violation of 42 U.S.C. § 1981

The Magistrate Judge concluded that Plaintiff failed to allege facts sufficient to support his retaliation claim under 42 U.S.C. § 1981 against Defendants Top Tier Solar Solutions, LLC; Samuel Van Wynen; Jacob Van Wynen; Mark Wagoner; Jacob Hovley; and Anthony Feick. (Doc. No. 27 at 10–11). "In order to state a plausible claim of retaliation [under § 1981], a plaintiff must allege that: (1) he engaged in protected activity under the statute, (2) he suffered a materially adverse employment action, and (3) a causal link exists between the protected activity and the employment action." *Arora v. Daniels*, No. 3:17-cv-134, 2018 U.S. Dist. LEXIS 55777, at *20–21 (W.D.N.C. Apr. 2, 2018).

The Magistrate Judge found that Plaintiff's alleged filing of a charge of discrimination with the EEOC constitutes protected activity (sufficient to satisfy the claim's first element) and that his termination is a materially adverse employment action (sufficient to satisfy the claim's second element). (Doc. No. 27 at 10 (citing *King*

8

*v. United Way of Central Carolinas, Inc.*, 2010 WL 1958128, at *6 (W.D.N.C. May 14, 2010))). But the Magistrate Judge found that Plaintiff failed to establish a plausible causal link between the protected activity and the employment action (necessary to satisfy the claim's third element). (*Id.* at 10–11).

Plaintiff objects on grounds that Defendants "were undoubtedly aware" of his filing of an EEOC charge. (Doc. No. 29 at 5–6). Plaintiff reiterates that his "termination was communicated by Top Tier, as a response to his Google review, in which he complained of factors arising from many of the same facts . . . that prompted his filing race discrimination with the EEOC" and maintains that in its response to his review, Defendant Top Tier referred to him as a "former disgruntled employee." (*Id.* at 6). Plaintiff now claims that immediately after referring to Plaintiff's former employment, Defendant Top Tier also stated, "[Plaintiff] is currently engaged with Top Tier Solar Solutions through [EEOC] litigation," and that by doing so, "Defendants, themselves essentially established a causal link between the two events." (*Id.*).

Plaintiff has failed to state a specific objection directing the Court to a specific error in the Magistrate Judge's findings and recommendations. Rather, Plaintiff reiterates facts already considered by the Magistrate Judge and attempts to introduce new facts not contained in the Amended Complaint. The Magistrate Judge found that with respect to demonstrating a causal link between Plaintiff's alleged filing of a charge of discrimination with the EEOC and his termination, "the [Amended Complaint's] allegations are thin." (Doc. No. 27 at 10). The Court agrees.

9

In evaluating Plaintiff's retaliation claim, the Magistrate Judge noted that the Amended Complaint leaves "the Court to guess about how close in time the EEOC charge filing and the termination were to one another." (*Id.* at 11). And the Amended Complaint fails to allege with clarity whether and how Defendants were aware of Plaintiff's filing of the EEOC charge of discrimination. (*Id.*). Given the Amended Complaint's lack of specificity as to a plausible causal link between the alleged protected activity and adverse employment action, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's retaliation claim under 42 U.S.C. § 1981.

### 3. Retaliation in Violation of the Retaliatory Employment Discrimination Act

The Magistrate Judge concluded that Plaintiff failed to allege facts sufficient to support his retaliation claim under the North Carolina Retaliatory Employment Discrimination Act ("REDA") against Defendants Top Tier Solar Solutions, LLC; Samuel Van Wynen; Jacob Van Wynen; Mark Wagnoer; Jacob Hovley; and Anthony Feick. (Doc. No. 27 at 12–13). "REDA prohibits retaliation against an employee who 'in good faith does or threatens to . . . [f]ile a claim or complaint, initiate any inquiry, investigation, inspection, proceeding or other action, or testify or provide information to any person with respect to . . . [the North Carolina Wage and Hour Act].'" *Hadley v. Duke Energy Progress, LLC*, 677 F. App'x 859, 861 (4th Cir. 2017) (quoting N.C. Gen. Stat. § 95-241(a), (a)(1)(b)). "To prevail on a REDA claim, a plaintiff must show that (1) he exercised his rights to engage in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the exercise

of the protected activity and the alleged retaliatory action." *Driskell v. Summit Contracting Grp., Inc.*, 828 F. App'x 858, 865 (4th Cir. 2020) (internal quotations and citations omitted).

The Magistrate Judge found that Plaintiff failed to allege specific facts about the complaints and/or threats he made that would support a REDA claim. (Doc. No. 27 at 12-–13). For instance, "[w]hile Plaintiff does allege that he filed a complaint with the North Carolina Department of Labor, he does not allege in his Amended Complaint on what date this complaint was filed." (*Id.* at 12). The Magistrate Judge concluded that Plaintiff's alleged internal complaints are insufficient to support a REDA claim and that to the extent Plaintiff pursued external claims, the record demonstrates that he did so only after he was terminated. (*Id.*). The Court agrees. Through his objection, Plaintiff reiterates facts already considered by the Magistrate Judge and attempts to introduce new facts not contained in the Amended Complaint. (Doc. No. 29 at 6–8). Therefore, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's retaliation claim under REDA.

### 4. Retaliation in Violation of the Fair Labor Standards Act

The Magistrate Judge concluded that Plaintiff failed to allege facts sufficient to support his retaliation claim under the Fair Labor Standards Act ("FLSA"). (Doc. No. 27 at 15). The Magistrate Judge reasoned that Plaintiff failed to demonstrate that he was engaged in protected activity under the Act. (*Id.* at 14–15 (citing *Bolick v. Brevard Cty. Sheriff's Dep't*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996) ("As a general rule, an employee cannot succeed on a claim under the FLSA if his average wage for

11

a period in which he works no overtime exceeds minimum wage.")). Here, Plaintiff did not claim that Defendant violated the overtime or minimum wage requirements provisions of the FLSA. And as the M&R correctly points out, Plaintiff concedes this point in an earlier opposition to the Motion to Dismiss. (Doc. No. 27 at 15). Plaintiff now objects on grounds that "there is . . . a dispute of the plaintiff's salary; if it were above the minimum wage, and if he is owed overtime." (Doc. No. 29 at 8). Through his objection, Plaintiff reiterates facts already considered by the Magistrate Judge and attempts to introduce new, conclusory facts not contained in the Amended Complaint. Even if considered, the additional facts fail to meaningfully rebut the M&R's sound reasoning. Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's retaliation claim under the FLSA.

### 5. Co-Plaintiffs' Claims for Breach of Contract and Injunctive Relief

The Magistrate Judge concluded that the Court should decline to exercise supplemental jurisdiction over Co-Plaintiffs Andrew Jackson Rollinson and Vanessa Fri-Cia Rollinson's state law claims for breach of contract and injunctive relief because they do not derive from a common nucleus of operative fact as the claims brought by Plaintiff Andrew O'Darius Rollinson. (Doc. No. 27 at 16–18). Plaintiffs object "in light of the deeply, interwoven sets of facts concerning it's claims." (Doc. No. 29 at 9). In support of their conclusory objection, Co-Plaintiffs reiterate facts already considered by the Magistrate Judge and advance new facts that, even if considered, fail to support their argument that their claims are inextricably related to the claims brought by Plaintiff Andrew O'Darius Rollinson. The Court finds that the M&R

correctly concludes that Co-Plaintiffs' claims and Plaintiff Andrew O'Darius Rollinson's claims do not derive from a common nucleus of operative fact such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Acker v. States Mortg. Co.*, No. 3:20-CV-00247-FDW-DCK, 2020 U.S. Dist. LEXIS 145500, at *8 (W.D.N.C. Aug. 13, 2020) (internal quotations and citations omitted). Therefore, the Court adopts the Magistrate Judge's recommendation and declines to exercise supplemental jurisdiction over Co-Plaintiffs' claims.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Objection to the Magistrate Judge's Order, (Doc. No. 47), is **DENIED**;

2. The Magistrate Judge's M&R, (Doc. No. 27), is **ADOPTED**;

3. Defendants Top Tier Solar Solutions, LLC; Jacob P. Van Wynen; Samuel Van Wynen; Mark Wagoner; Jacob Hovley; Anthony Feick; and Pete Van Wynen's Motion to Dismiss, (Doc. No. 19), is **GRANTED in part** and **DENIED in part**;

4. Specifically, all claims are dismissed except for the section 1981 race discrimination claim against Defendants Top Tier Solar Solutions, LLC; Samuel Van Wynen; and Jacob Hovley; the hostile work environment claim against Defendants Top Tier Solar Solutions, LLC; and Samuel Van Wynen; and the North Carolina Wage and Hour Act claim against Defendant Top Tier Solar Solutions, LLC; and

13

5. Defendant Austin Taylor's Motion to Dismiss, (Doc. No. 21), is **GRANTED**.


Signed: September 24, 2024

Robert J. Conrad, Jr.
United States District Judge